# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:13-bk-40462 |
| GEORGE ANDREW FLOYD | Chapter 13 |
| Debtor(s) | Honorable Timothy A. Barnes |

## NOTICE OF MOTION

To: Mr. Glen A. Messina
PHH Mortgage Services
3000 Leadenhall Road
Mount Laurel, New Jersey 08054

PLEASE TAKE NOTICE that on August 8, 2019 at 9:30 a.m., the undersigned will appear before the Honorable Timothy A. Barnes at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois 60604 and will then and there present **DEBTOR'S MOTION FOR CONTEMPT OF ORDER CONFIRMING PLAN**, a copy of which is hereby served upon you.

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

  I, Joseph Scott Davidson, an attorney, hereby certify that on July 17, 2019, **DEBTOR'S MOTION FOR CONTEMPT OF ORDER CONFIRMING PLAN** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I have mailed this document by United States Postal Service Certified Mail, postage prepaid to:

Mr. Glen A. Messina
PHH Mortgage Services
3000 Leadenhall Road
Mount Laurel, New Jersey 08054

                */s/ Joseph S. Davidson*

                Joseph S. Davidson
                Mohammed O. Badwan
                **SULAIMAN LAW GROUP, LTD.**
                2500 South Highland Avenue
                Suite 200
                Lombard, Illinois 60148
                +1 630-575-8181
                jdavidson@sulaimanlaw.com
                mbadwan@sulaimanlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:13-bk-40462 |
| GEORGE ANDREW FLOYD | Chapter 13 |
| Debtor(s) | Honorable Timothy A. Barnes |

## MOTION FOR CONTEMPT OF ORDER CONFIRMING PLAN

GEORGE ANDREW FLOYD ("Debtor"), through counsel, SULAIMAN LAW GROUP, LTD., pursuant to 11 U.S.C. § 105(a), moves this Court for Order of Contempt against PHH MORTGAGE SERVICES (PHH Mortgage) for its violation of this Court's Order Confirming Plan. In support thereof, Debtor states as follows:

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On January 28, 2004, Debtor executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee of GMAC Mortgage Corp.

3. The Mortgage secured the purchase of 5830 South Wabash Avenue, Chicago, Illinois 60637 (the "Property").

4. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $312,823.00 (the "Loan").

5. On August 1, 2012, MERS executed an Assignment of Mortgage in favor of GMAC Mortgage, LLC.

6. On October 6, 2014, GMAC Mortgage, LLC executed an Assignment of Mortgage in favor of U.S. Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2006-RP2, Mortgage Pass-Through Certificates, Series 2006-RP2 in care of Ocwen Loan Servicing, LLC.

7. On October 15, 2013, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code [Dkt. # 1].

8. Simultaneously with the voluntary petition for relief, Debtor filed his original Chapter 13 plan [Dkt. # 2].

9. On February 25, 2014, Debtor filed a Motion to Determine Value of Claim Secured by a Lien on Estate Property [Dkt. # 20].

10. On September 22, 2014, the Court entered an Order Determining Value of Claim Secured by a Lien on Estate Property. [Dkt. # 55].

11. Debtor's Chapter 13 Plan was confirmed on October 27, 2014 (the "Confirmed Plan").

12. The Confirmed Plan provides:

**Section B.** *General items.*

> 3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Paragraph C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

**Special Terms** *[as provided in Paragraph G]*

1. Debtor is cramming down the balance owed to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2006-RP2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-RP2's ("U.S. Bank") relating to 5830 South Wabash Avenue, Chicago, Illinois 60637 to fair market value of $135,800.00. U.S. Bank shall not be allowed an unsecured claim for any unsecured balance in excess of U.S. Bank's secured claim

of $135,800.00 by virtue of Debtor's previous Chapter 7 discharge and in accordance to the ORDER DETERMINING VALUE OF CLAIM SECURED BY A LIEN ON ESTATE PROPERTY entered as Doc 55.

[Dkt. # 63].

13. The Order Confirming Plan was not appealed. Accordingly, the Order Confirming Plan is a final order.

14. From November 21, 2014 to September 21, 2018, Chapter 13 Trustee made $135,800.00 in principal disbursements to Ocwen Loan Servicing, LLC.

15. From November 21, 2014 to September 21, 2018, Chapter 13 Trustee made $10,848.86 in interest disbursements to Ocwen Loan Servicing, LLC.

16. Debtor successfully completed plan payments in accordance with confirmed Chapter 13 plan.

17. On January 21, 2019, Chapter 13 Trustee filed a Notice of Completion of Plan Payments [Dkt. # 104].

18. On February 6, 2019, a discharge under 11 U.S.C. § 1328(a) was granted to Debtor [Dkt. # 111].

19. Notice of Debtor's discharge was sent to Ocwen Loan Servicing, LLC by the Bankruptcy Noticing Center on February 8, 2019 [Dkt. # 112].

20. On April 29, 2019 – *82 days later* – Ocwen Loan Servicing, LLC mailed Debtor a Notice of Hazard Insurance Expiration.

21. Thereafter, Debtor received Notice of Default seeking payment from July 1, 2018 to April 1, 2019 – or $17,227.31.

22. On June 3, 2019, Ocwen Loan Servicing, LLC mailed Debtor to inform Debtor that foreclosure proceedings were commenced; also soliciting foreclosure alternatives.

23. On June 4, 2019, PHH Mortgage mailed Debtor to inform Debtor that Ocwen Loan Servicing, LLC "joined forces" with PHH Mortgage effective June 1, 2019.

24. An Addendum to Notice of Servicing Transfer provided:

- As of the 6/1/2019, the principal balance of this account is $7,195.19.

- As of the 6/1/2019, the escrow balance on this account is -$9,982.65.

- As of the 6/1/2019, transfer date, the current required monthly payment in connection with this account is $2,561.31. This amount consists of a monthly principal and interest payment of $2,561.31 and a monthly escrow payment of $0.00.

- The next monthly payment is due on 07/1/2018. Subsequent monthly payments will be due on the same date each month thereafter.

25. Debtor filed for relief under Chapter 13 of the Bankruptcy Code to pay off PHH Mortgage's mortgage lien so that he emerges from Chapter 13 with a fresh start.

26. PHH Mortgage's failure to comply with Debtor's confirmed Chapter 13 plan has caused Debtor to experience anxiety, confusion, and shock consistent with believing that filing for relief under Chapter 13 of the Bankruptcy Code was futile, and that PHH Mortgage will threaten to, and in fact, eventually foreclose on the Property.

27. Suffice it to say, Debtor has been denied the opportunity to face a new opportunity in life with a clear field for future effort unfettered by this mortgage lien.

28. Section 1327(a) of the Bankruptcy Code provides, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

29. As Debtor's plan is confirmed, Debtor's plan is binding on Debtor and PHH Mortgage. *See* 11 U.S.C. § 1327(a) (providing for binding effect of confirmation).

30. PHH Mortgage's failure to release lien against Debtor's property upon discharge constitutes willful violation of Debtor's confirmed Chapter 13 plan.

31. PHH Mortgage's continued collection attempts constitutes willful violation of Debtor's confirmed Chapter 13 plan.

32. A violation of a confirmation order is an act of contempt, which like the discharge injunction, may be remedied by the bankruptcy court's authority under 11 U.S.C. § 105(a).

33. 11 U.S.C. § 105(a) allows the court to take any action or make any determination necessary or appropriate to enforce or implement court orders, and its inherent authority authorize the court to award attorney's fees when holding a party in contempt for failure to comply with a prior confirmation order.

34. The court's authority to enforce its orders, including a confirmation order, under § 105(a) must necessarily include the ability to award fees to a debtor who is forced to bring an action, and thus incur attorney's fees, to compel a creditor's compliance with the binding plan and the order confirming the plan.

WHEREFORE, Debtor requests the following relief:

A. Find that PHH Mortgage violated this Court's Order Confirming Plan;

B. compel PHH Mortgage to release mortgage lien against Debtor's Property;

C. award actual, and punitive damages, and costs and attorneys' fees; and

D. award any other relief deemed appropriate and equitable.

DATED: July 17, 2019                          Respectfully submitted,

**GEORGE ANDREW FLOYD**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com